IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
SCOTT WESTLAKE AND              )
VICKI WESTLAKE,                 )
                                )
                   Plaintiffs,  )
                                )
v.                              )       Case No. 13-2300-CM-KGG
                                )
BMO HARRIS BANK N.A.,           )
Successor by merger to M&I      )
MARSHALL & ILSLEY BANK,         )
COMPANY,                        )
                                )
   and                          )
                                )
BMO FINANCIAL CORPORATION,      )
                                )
                   Defendants.  )
_____)
```

## ORDER ON MOTION TO COMPEL DISCOVERY RESPONSES

Now before the Court is the Motion to Compel Discovery Responses filed by Defendant BMO Harris Bank N.A. ("Defendant bank). (Doc. 21.) Having reviewed the submissions of the parties, the Court **DENIES** the motion.

This matter was initially filed in the District Court of Johnson County, Kansas, in May 2013. Plaintiffs claims include breach of contract, conversion, promissory estoppel, and unjust enrichment stemming from a lending relationship with Defendant bank relating to a series of loans totaling approximately $50 million. (Doc. 1-1.) Plaintiff's allegations include a contention that Defendants

1

improperly liquidated investments from an account belonging to Plaintiffs to partially satisfy obligations owed to Defendant Bank.  The case was removed by Defendants to the United States District Court for the District of Kansas on June 19, 2013.  (*See* Doc. 1.)

Plaintiffs provided the discovery responses at issue after receiving certain extensions to do so.  Based on the information provided by Defendant, there were, at most, three telephone conversations that occurred prior to the "golden rule" being sent during which the discovery requests may have been discussed.  In regard to two of these conversations, Defendant merely makes the oblique reference that "[c]oncern about the lack of information [was] expressed on two phone calls . . . ."  (Doc. 27, at 2.)  Counsel does not state whether this "concern about the lack of information" was expressed in regard to subpoena responses or discovery requests, as both are discussed in this portion of Defendant's reply brief.  For the purposes of this motion, the Court will, however, assume that this concern related at least in part to the discovery requests at issue.

Defense counsel subsequently served a "golden rule" letter on Plaintiff's counsel.  Counsel for the parties, however, did not subsequently confer before Defendant filed the present motion.

District of Kansas Rule 37.2 outlines a party's duty to confer regarding discovery disputes.  The rule states:

> [t]he court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

D. Kan. Rule 37.2. *See also* ***Passmore v. HSBC Bank Nevada, N.A.***, 11-4094-EFM/KGG, 2012 WL 224322, *1 (D. Kan. Jan. 25, 2012).

Even assuming the pre-golden rule letter telephone conversations referenced above related to the discovery requests at issue, the fact remains that there was no conversation, conference, comparison of views, consultation, and deliberation, or any good faith attempt to do so <u>*after*</u> the golden rule letter was sent. Defense counsel simply left Plaintiff's counsel a single " voice mail" on November 13, 2013 (a mere day before the deadline in Defendant's golden rule letter) and received a voice mail in response from Plaintiff's counsel two days later. (Doc. 27, at 3.) There is no indication that defense counsel made any additional attempt to speak with Plaintiff's counsel in the four days before the present motion was filed.

3

This does not even approach the meeting the "good faith" requirements of D. Kan. Rule 37.2.

The present motion must fail because there is no indication that counsel for the parties ever met face-to-face or otherwise spoke directly.

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

***Stouder v. M & A Technology, Inc.***, No. 09-4113-JAR-KGS, 2011 WL 768738 (D. Kan. Feb. 28, 2011). *See also,* ***Contracom Commodity Trading Co. v. Seaboard Corp.***, 189 F.R.D. 456, 459 (D. Kan. 1999).

Defense counsel raises certain complaints about the lackadaisical effort by Plaintiff's counsel to address these issues. While the Court is sympathetic with this situation, the fact remains that the duty is on the *moving* party to meet the requirements of Rule 37.2, not the responding party. Although the Court can envision situations in which a responding party would intentionally stymie a moving party's good faith attempts to confer, the Court does not find that to be the

4

case here.  In the present matter, defense counsel left a single telephone message for opposing counsel.  Further, that message was left only one day before the deadline contained in Defendant's golden rule letter, potentially discouraging Plaintiff's counsel from attempting to engage in further conversation.  The Court is obliged to deny the motion on that basis.

Although Defendant's motion is denied without prejudice to renew after a compliant conference, the Court encourages the parties to make a concerted effort to resolve these matters, at least in part.  The Court is not inclined to make advisory opinions.  In the interest of judicial economy, the Court notes that, without addressing each request specifically, the information generally sought does not appear to be facially unreasonable or thoroughly beyond the scope of discovery.

As they prepare to conduct the required Rule 37.2 conference, the Court reminds the parties of the broad definition of relevance during discovery. "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." ***Snowden***

***By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Further, the parties are encouraged to refer to this Court's previous opinion in ***U.S. v. Dillard***, regarding the use of omnibus terms. 11-1098-JTM-KGG, 2013 WL 74316 (D. Kan. Jan. 7, 2013). The inclusion of an omnibus term does not *per se* make a discovery request objectionable. When omnibus terms are used "to 'modify a sufficiently specific type of information," such terms are permissible. *Id*., at *3. Omnibus terms are only objectionable when used to modify generic and broad reaching terminology. *Id*.

Finally, the Court instructs the parties that it strongly disapproves of the use of general objections in responding to discovery. ***Camp v. Gregory, Inc***., No. 12-1083-EFM-KGG, 2013 WL 656894, *1 (D. Kan. Feb. 22, 2013); ***U.S. ex rel. Minge v. Turbine Engine Components Techn. Corp***., No 07–1212–MLB–KGG, 2011 WL 2607082, *1 (D.Kan. July 1, 2011) (holding that such objections are "worthless," "improper," and "leave[s] the discovery proponent unsure whether or not the objection correlates to withheld information"). The same is true of conditional responses in which a party asserts objections, but then provides a response "subject to" or without waiving" the stated objections. ***Sprint Comm'n Co., L.P. v. Comcast Cable Comm'n, LLC***, Nos. 11-2684-JWL, 11-2685-JWL, 11-

2686-JWL, 2014 WL 54544, *2, 3 (D. Kan. Feb. 11, 2014) (holding that such objections are "invalid," "unsustainable," and "violate common sense").

For the reasons stated above, however, Defendant's Motion to Compel (Doc. 21) is **DENIED**. The parties are directed to engage in a Rule 37.2 conference within **30 days** of the date of this Order. Counsel for both parties are instructed to make a good faith effort to engage in a deliberative conversation regarding the issues herein. Any motion to compel, if necessary, shall be filed within **45 days** of the date of this Order. The parties are invited to set a pre-motion conference to discuss these issues with the undersigned Magistrate Judge should they decide that would be helpful.

**IT IS SO ORDERED**.

Dated this 17th day of March, 2014, at Wichita, Kansas.

s/ K<small>ENNETH</small> G. G<small>ALE</small>
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE